[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has taken an appeal from the Seymour Board of a, Tax Review's denial of his request to reduce the assessed value of his property located at 153 North street, Seymour, Connecticut.
As a result of a revaluation conducted by an independent appraisal agency, the plaintiff's property was assessed at $344,000. The plaintiff objected to this value and thereafter the evaluation company adjusted the appraisal to $301,900.
The plaintiff then went before the Board of Tax Review and CT Page 1306 requested a reduction of this appraisal. When the plaintiff's request was denied, the plaintiff tool this appeal to the Superior Court.
The premises in question are being used as a restaurant, which was also its former use.
The plaintiff testified that in his opinion this property has a value or $250,000. No breakdown as presented as to land and building o independent appraiser testified as to value.
After the bank took over this property from the former owner in May 1992, the property was placed on the market for [$]269,000.
The plaintiff reviewed an appraisal prepared in May 1993 indicating a value of $272,000 for the land, building, furniture and fixtures contained on the premises. No breakdown as to land, building or personal property was given. The appraiser himself never testified as to how he arrived at this figure and what value, if any, he attributed to personal property.
The plaintiff offered $200,000 for the entire entity which offer was accepted in September 1993. The plaintiff testified that he spent approximately $30,000 to upgrade the building and make it useable, including plumbing and heating repairs, roof repairs and water damage repairs.
The plaintiff was involved in two other successful restaurant endeavors in two different locations. He has been in the restaurant business since 1984 and has a familiarity with the value of restaurant property. He testified that a well equipped kitchen has a value of $20,000 to $25,000.
Counsel for plaintiff pointed out that the tax assessor did not physically view the premises as set forth in § 12-62
subsection(b) C.G.S. However, § 12-62 subsection (g) allows the assessor to designate a revaluation company to so do a physically viewing of the premises. The tax assessor indicated this was done in this case.
As stated, the real estate in question went to auction and the bank took over this property. It was subsequently placed on the market with a listing price of $269,000. The plaintiff reviewed an appraisal which gave a value of $272,000 to the entire entity, including furniture, fixtures and stoves. The plaintiff's offer of CT Page 1307 $200,000 was accepted and thereafter the plaintiff put in $30,000 to upgrade the building and make it useable and operational.
The revaluation put a figure of $344,000 on the property, which figure was later adjusted to $301,900. The tax assessor's opinion as to valuation was $344,000. His opinion was based on market sales, comparables and a review of the revaluation documents and analysis.
The plaintiff based his evaluation on his experience as a professional restauranteur and his knowledge of what other people are asking and selling as well as on a soft real estate market at this time.
The Town of Seymour's tax assessor has had 13 years as a commercial property appraiser for taxation purposes. The assessor testified there are always two assessments, one for the land and building and one for personal property. The appraiser indicated there may have been $10,000 for personal property.
The land consists of 1.33 acres more or less. The building is a two and a half story structure.
The appraised value or the land shall remain the same: $148,800. The building/improvements is reduced to $143,100.
The plaintiff shall be granted a tax credit for any overpayment.
Coppeto, J.